UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA              :

    - against -                      :    **MEMORANDUM DECISION**

LARRY GOLDENBERG,                     :    05 Cr. 1034 (DC)

               Defendant.      :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**        MICHAEL J. GARCIA, Esq.
                       United States Attorney for the
                         Southern District of New York
                           By:  Reed Michael Brodsky, Esq.
                                Assistant United States Attorney
                   1 St. Andrew's Plaza
                   New York, NY  10007

                   FREEMAN, NOOTER & GINSBERG[1]
                   Attorneys for Defendant Goldenberg
                       By:  Thomas H. Nooter, Esq.
                   30 Vesey Street, Suite 100
                   New York, NY  10007

**CHIN, D.J.**

        On August 5, 2005, pursuant to a warrant obtained on the basis of information from a confidential informant, United States probation officers searched a car used primarily by defendant Larry Goldenberg. The officers recovered narcotics from the car and Goldenberg was arrested. He has since been indicted for possession with intent to distribute five grams and more of a mixture and substance containing cocaine base. He moves to suppress the narcotics as fruits of an unlawful search

---

[1] After this motion was submitted and argued but before it was decided, new counsel, James A. Mitchell, Esq., of Stillman & Friedman, P.C., was appointed to represent Goldenberg.

in violation of the Fourth Amendment. For the reasons set forth below, the motion is denied.

## BACKGROUND

### A. Facts

In 2001, Goldenberg pled guilty before this Court and was sentenced to thirty-five months of prison and three years of supervised release. As part of his supervised release, which began on January 23, 2004, Goldenberg was ordered to comply with the standard conditions of supervision. Standard Condition # 10 provided: "You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer." (Gov't Ex. A). On January 27, 2004, Goldenberg signed a document listing all the applicable conditions of his supervision, indicating that he understood them and that any violation could lead to revocation or modification of his supervision. (Id.).

On August 2, 2005, Goldenberg's probation officer submitted an affidavit to a district court judge alleging that Goldenberg was engaging in drug trafficking:

> Inasmuch as the U.S. Probation Office has received credible information from a confidential informant(s) known to associate with Larry Goldenberg, that Larry Goldenberg is involved with current drug trafficking, the possession and manufacturing of powder and "crack" cocaine[], that he is involved with other known drug traffickers, that he is obtaining income from drug trafficking, and is operating a motor vehicle without a licence, there is probable cause to believe that the aforestated contraband, and United States currency is stored in his mother's

> residence, where he resides full-time, located 106 West 179th Street Apt 22a, Bronx, [N.Y.] 10453, and or, in the motor vehicle he illegally operates, a white Chevrolet Impala NJ Licence Plate # RBD 17E.
>
> It is therefore requested that Your Honor grant permission for U.S. Probation Officers to search said vehicle that is registered to his paramour Susan Diaz, used primarily by Larry Goldenberg, and the Goldenberg residence at 106 West 179th Street Apt 22a, Bronx N.Y. 10453, the residence verified to be true by the U.S. Probation Officer.

(Def. Ex. 1). On August 5, 2005, based on this affidavit, Judge Stephen C. Robinson of this Court issued a warrant to search defendant's residence and the automobile and seize "illegal drugs" and "paraphernalia relating to drug trafficking," among other things. (Id.).

Probation officers executed the warrant the same day. Upon searching the automobile, a white Chevy Impala used primarily by Goldenberg but registered to his girlfriend, the officers found cocaine base between the front seats of the car and cocaine powder in the ceiling area of the car. (Nooter Aff. ¶ 3; Def. Aff. ¶ 3). Goldenberg was arrested and the vehicle was impounded. (Nooter Aff. ¶ 3, Ex. 2 at 2). On September 27, 2005, Goldenberg was indicted on one charge of possession with intent to distribute more than five grams of cocaine base.

B.  **Prior Proceedings**

Goldenberg moved to suppress on December 2, 2005. He sought to suppress all statements made following his arrest and any fruits of a search of his apartment pursuant to the warrant.

Ruling from the bench on December 21, 2005, I denied that part of defendant's motion seeking to suppress his post-arrest statements. In light of the condition of his supervision permitting a probation officer to visit defendant's home at any time, Goldenberg withdrew that prong of his motion seeking to suppress items seized from his home. Finally, I reserved decision as to the prong of the motion seeking suppression of the narcotics seized from the vehicle. I now discuss the remaining prong of the motion.

## **DISCUSSION**

Goldenberg's standing to challenge the search is not in dispute. Thus, I first focus on the reasonableness of the search in light of the totality of the circumstances. I then turn to Goldenberg's argument that the warrant is invalid because the officers failed to follow the proper inventory and return procedures under Rule 41 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 41(f).[2]

---

[2] Defendant also argues for suppression because police allegedly ignored their own procedures, outlined in documents submitted for the warrant, about videotaping the search and reporting on the use of trained dogs to sniff for drugs. (Nooter Aff. ¶ 10). But defendant fails to provide sufficient detail and analysis to show why the evidence should be suppressed on this basis. He does not provide a copy of the relevant police procedures. Moreover, even if such violations did occur, he provides no explanation how they might render the search so unreasonable as to make suppression an appropriate remedy. Accordingly, the motion will not be granted on this ground.

**A.  Reasonableness of the Search**

    **1.  Applicable Law**

Goldenberg argues that the evidence should be suppressed because it was procured through an unlawful search in violation of the Fourth Amendment.  The "central requirement" of the Fourth Amendment is "reasonableness," Koch v. Town of Brattleboro, 287 F.3d 162, 166 (2d Cir. 2002) (quoting Illinois v. McArthur, 531 U.S. 326, 330 (2001)); see generally United States v. Perez, 247 F. Supp. 2d 459, 475-76 (S.D.N.Y. 2003), and the "touchstone" of reasonableness is "measured in objective terms by examining the totality of the circumstances," Ohio v. Robinette, 519 U.S. 33, 39 (1996); see also Lauro v. Charles, 219 F.3d 202, 209 (2d Cir. 2000) (citing Graham v. Connor, 490 U.S. 386, 396 (1989)) (stating the Fourth Amendment "requires a contextualized reasonableness analysis that seeks to balance the intrusion on privacy caused by law enforcement against the justification asserted for it by the state").

"Fourth Amendment protections extend only to unreasonable government intrusions into . . . legitimate expectations of privacy."  United States v. Balon, 384 F.3d 38, 44 (2d Cir. 2004) (internal quotations and citation omitted).  Individuals who have already been convicted of a crime and are subject to supervision, however, have different expectations than members of the general public.  "The focus of our inquiry, therefore, is whether . . . a convicted person serving a term of federal supervised release[] had a legitimate expectation of

privacy . . . and, if so, whether the actions of the probation officers were unreasonably intrusive." United States v. Reyes, 283 F.3d 446, 457 (2d Cir. 2002).

### a. **Validity of the Warrant**

Just as searches "conducted without a warrant are presumptively unreasonable," the reverse is also true. Searches conducted pursuant to a valid warrant are presumptively reasonable, see Perez, 247 F. Supp. 2d at 476 (citing United States v. Payton, 445 U.S. 573, 586 (1980)), and even when a warrant is procured, the execution of the search must nonetheless be reasonable, id. (citing United States v. Ramirez, 523 U.S. 65, 71 (1998)).

### 1) **Affidavit as Basis for Probable Cause**

A search warrant is valid if issued "upon probable cause." U.S. Const. amend. IV. Probable cause exists only where the known facts and circumstances are sufficient to support a "reasonable belief" that "contraband or evidence of a crime will be found." Ornelas v. United States, 517 U.S. 690, 696 (1996). A magistrate presented with a search warrant application must make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

The affidavit must provide sufficient facts to permit

privacy . . . and, if so, whether the actions of the probation officers were unreasonably intrusive." United States v. Reyes, 283 F.3d 446, 457 (2d Cir. 2002).

### a. **Validity of the Warrant**

Just as searches "conducted without a warrant are presumptively unreasonable," the reverse is also true. Searches conducted pursuant to a valid warrant are presumptively reasonable, see Perez, 247 F. Supp. 2d at 476 (citing United States v. Payton, 445 U.S. 573, 586 (1980)), and even when a warrant is procured, the execution of the search must nonetheless be reasonable, id. (citing United States v. Ramirez, 523 U.S. 65, 71 (1998)).

### 1) **Affidavit as Basis for Probable Cause**

A search warrant is valid if issued "upon probable cause." U.S. Const. amend. IV. Probable cause exists only where the known facts and circumstances are sufficient to support a "reasonable belief" that "contraband or evidence of a crime will be found." Ornelas v. United States, 517 U.S. 690, 696 (1996). A magistrate presented with a search warrant application must make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

The affidavit must provide sufficient facts to permit

the magistrate to draw the inferences necessary to a finding of probable cause. Giordenello v. United States, 357 U.S. 480, 485-86 (1958); see Gates, 462 U.S. at 239 ("Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others."); see generally Perez, 247 F. Supp. 2d at 475. For the reviewing court, "the only questions . . . are whether the affiant's reliance on that informant was reasonable, and whether the [m]agistrate was fully informed of all necessary facts when she made her finding of probable cause for the issuance of the search warrant." United States v. Smith, 9 F.3d 1007, 1013 (2d Cir. 1993) (internal quotations omitted).

When the warrant is based upon information obtained through the use of a confidential informant, courts assess the information by examining the "totality of the circumstances" bearing upon its reliability. Smith, 9 F.3d at 1012 (citing Gates, 462 U.S. at 230-31, and Rivera v. United States, 928 F.2d 592, 602 (2d Cir. 1991)). In making this assessment, the court may consider "an informant's veracity, reliability and basis of knowledge . . . and the extent to which an informant's statements -- even about a suspect's innocent activities -- are independently corroborated." United States v. Gagnon, 373 F.3d 230, 235 (2d Cir. 2004); see also United States v. Canfield, 212 F.3d 713, 720 (2d Cir. 2000) (corroboration of "innocent details" supports "a higher probability the incriminating facts are

true"). The fact that the affiant officer has "independent corroboration of the suspect's past criminal activity" also bolsters the reliability of the affidavit. See United States v. Zucco, 693 F.2d 44, 47 (2d Cir. 1982).

### 2) Presumption of Validity of Affidavit

"'Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.'" Smith, 9 F.3d at 1012 (quoting Jones v. United States, 362 U.S. 257, 270 (1960)). In other words, the supporting affidavit enjoys a presumption of validity. Perez, 247 F. Supp. 2d at 476 (citing Franks v. Delaware, 438 U.S. 154, 171 (1978)). This presumption stems from a belief in the function of the examining magistrate as a neutral gatekeeper, and it encourages law enforcement to seek warrants; "'the preference for warrants is most appropriately effectuated by according great deference to a magistrate's determination.'" Id. (quoting United States v. Leon, 468 U.S. 897, 914 (1984) (internal quotations and citation omitted)).

### 3) Good Faith of the Affiant

Evidence seized pursuant to a search warrant that was based on a misleading or incomplete affidavit still will not be suppressed if the affiant prepared the affidavit in good faith. United States v. Ambrosio, 898 F. Supp. 177, 188 (S.D.N.Y. 1995). Under Franks v. Delaware, 438 U.S. 154 (1978), a defendant may

challenge the affiant's good faith and truthfulness of the underlying affidavit if he "makes a substantial preliminary showing" that (1) the affidavit contained deliberately or recklessly false or misleading material, and (2) the "affidavit's remaining content" is insufficient to establish probable cause when the false material is set aside.  Id. at 155-56; accord Canfield, 212 F.3d at 717-18; see generally Perez, 247 F. Supp. 2d at 477-78.

Thus, under the first prong of Franks, a defendant must show deliberate falsity, reckless disregard, or else serious doubt by the affiant as to the truth; allegations of innocent mistake or negligence are insufficient.  438 U.S. at 171; accord Canfield, 212 F.3d at 717-18; Perez, 247 F. Supp. 2d at 473 (citing Rivera v. United States, 728 F. Supp. 250, 258 (S.D.N.Y. 1990)).

Under the second prong of Franks, if a court decides that false statements or material omissions in a search warrant affidavit were made knowingly or recklessly, the court must "correct" the affidavit by "disregard[ing] the allegedly false statements" and then "determine whether the remaining portions of the affidavit would support probable cause to issue the warrant." Canfield, 212 F.3d at 718 (internal quotations omitted).  If, upon a de novo review, the court finds that the "corrected" affidavit provides a sufficient basis for probable cause, the court must uphold the warrant and deny suppression.  Id.

### b. Other Relevant Factors

#### 1) Federal Supervised Release

As an overarching consideration, the search's reasonableness must be assessed in light of the special nature of federal supervised release. In particular, an individual serving a term of supervision has a "diminished expectation of privacy that is inherent in the very term '_supervised_ release.'" Balon, 384 F.3d at 44 (quoting Reyes, 283 F.3d at 460) (emphasis in original). This is because "supervised release 'is meted out in addition to, not in lieu of, incarceration.'" Id. (quoting Reyes, 283 F.3d at 461). Someone subject to supervised release has specific conditions placed on his privacy interests -- conditions of which he is fully aware and to which he must agree when the period of supervision commences. See id.

In monitoring an individual on supervised release, "probation officers . . . owe a responsibility to the public to ensure that the offender who poses a threat to public safety is not permitted to remain free, absent compliance with conditions which obviate possible danger. To carry out these functions, the . . . probation officer needs considerable investigative leeway." Reyes, 283 F.3d at 457. Indeed, in acting as the "eyes and ears" of the court, id. at 455 (internal quotations omitted), probation officers are "often the most appropriate persons to bring to the attention of the court . . . an offender's conduct that is threatening to the public," id. at 457 (internal quotations omitted). Accordingly, the Second Circuit has held that "the

probable cause requirements of the Fourth Amendment, which apply to a regular law enforcement officer executing a search warrant do not apply to visits by probation officers to the homes of convicted persons serving a term of supervised release." Id. at 462. The Supreme Court has even found a warrantless search of a probationer's home to be constitutional where the search was supported by reasonable suspicion -- a lesser standard than probable cause -- and authorized by a condition of probation. United States v. Knights, 534 U.S. 112, 122 (2001), discussed in Reyes, 283 F.3d at 462.

Thus, a search by probation officers that is unreasonable with respect to an individual not serving a term of supervised release may be reasonable with respect to an individual who is. See United States v. Massey, No. 03 Cr. 938 (WHP), 2004 WL 1243531, at *3 (S.D.N.Y. Jan. 21, 2004) (quoting United States v. Newton, 181 F. Supp. 2d 157, 161 (E.D.N.Y. 2002) (applying this principle to searches of parolees)).

### 2) Diminished Privacy in Motor Vehicles

In addition, it is well-established that motorists have "a lesser expectation of privacy in a motor vehicle because its function is transportation and rarely serves as the repository of one's personal effects." New York v. Class, 475 U.S. 106, 112-13 (1986) (quoting Cardwell v. Lewis, 417 U.S. 583, 590 (1974) (plurality opinion)). This principle applies a fortiori where someone has committed a traffic violation. Id. at 113. Thus, a

search of a motor vehicle may be reasonable where a search of other premises would not be reasonable under like circumstances.

### 2. **Application**

The search of Goldenberg's car was reasonable in view of the totality of the circumstances. The search was presumptively reasonable as it was premised upon a valid warrant because Goldenberg's probation officer prepared the affidavit seeking the warrant in good faith and Goldenberg provides no information to rebut this presumption. Moreover, as an individual subject to federal supervised release, Goldenberg had a diminished expectation of privacy and the probation officers had greater leeway to conduct their investigation.

#### a. **The Search Warrant Was Valid**

Goldenberg's probation officer applied for the search warrant for defendant's home and car based largely on information provided by unnamed "credible informant(s)" that defendant was involved in drug trafficking. Goldenberg challenges the validity of the search warrant, claiming the affiant officer did not rely in good faith on undisclosed informants to procure the warrant. (Nooter Aff. ¶ 13). To obtain a Franks hearing on the matter, Goldenberg must make a "substantial preliminary showing" that the affiant's statements that defendant was involved in drug trafficking and drugs would be found in defendant's home and/or vehicle were false, and that they were made with knowledge, serious doubt as to the truth of the statements when he made them, or obvious reason to doubt their veracity. See Franks, 438

U.S. at 155-56. Conclusory allegations do not provide a basis for a Franks hearing.

Goldenberg alleges that the affidavit is "woefully inadequate" and omits key information, such as the number of informants and their basis of reliability. He also claims that the failure to find contraband in defendant's residence "casts substantial doubt" on the credibility of the informants. (Nooter ¶ 11). It is true that the affidavit failed to provide grounds upon which to evaluate the confidential informant or informants' reliability. The officer did not demonstrate that these statements were corroborated by independent investigation prior to applying for the warrant. The informant or informants did, however, provide accurate information in numerous respects, and Goldenberg has shown no falsity or obvious doubt as to the truth of any statements in the affidavit.

The affidavit contained detailed statements specific to the areas to be searched and the items to be seized, including: the address of Goldenberg's mother's home where defendant resided; the model, color, and license plate of the car; the car registration of the car in Goldenberg's girlfriend's name; defendant's driving without a license; and the presence of cocaine within the home and/or vehicle. These statements all turned out to be accurate, except that drugs were found in the car but not the home. The officer appeared to have been acting in good faith, and no evidence has been offered to the contrary. Thus, Goldenberg cannot satisfy the first prong of the Franks

test.  There is no need to continue to the second prong of the analysis, and his request for a hearing on the matter is denied.

In addition, the district judge issued the warrant upon a common-sense determination that under the totality of the circumstances, the affidavit provided sufficient basis to form a reasonable belief that evidence of a crime would be seized.  He evaluated the credibility of the officer and sufficiency of the affidavit in the first instance, and his determination is entitled to strong deference upon review.  The search was thus presumptively reasonable because it was premised upon a valid search warrant.

### b. **The Search Was Reasonable in Light of the Totality of the Circumstances**

The search of Goldenberg's car was reasonable in light of the totality of the circumstances, given the other relevant factors in this case.

First, the affiant in this case was Goldenberg's probation officer, who had an obligation to monitor Goldenberg's compliance with conditions of supervised release.  See Reyes, 283 F.3d at 457.  The probation officer was familiar with Goldenberg's record of past convictions and entitled to considerable investigative leeway.  See id.; Zucco, 693 F.2d at 47.

Second, Goldenberg was serving a term of supervised release, and therefore his expectation of privacy was necessarily diminished in comparison to the general public.  He was fully

aware of limitations on his privacy, including that probation officers could visit him "at any time at home or elsewhere," and signed an agreement to abide by them. In similar circumstances, courts have upheld warrantless searches by probation officers based upon less than probable cause.

Third, Goldenberg's expectation of privacy was further diminished by the fact that the search was of an automobile, and the officers had reason to believe he was operating the vehicle in violation of the traffic laws, i.e., without a valid driver's license.

Thus, the search was reasonable under the totality of the circumstances.

**B. Alleged Rule 41 Violations**

    **1. Applicable Law**

Rule 41 of the Federal Rules of Criminal Procedure requires, among other things, that an officer executing a warrant prepare an inventory and receipt of the property seized to be left at the place searched, with the property owner, and with the judge who issued the warrant. Fed. R. Crim. P. 41(f). Because violations of this rule only take place after the search has already occurred, they generally do not assume "constitutional magnitude." United States v. Burke, 517 F.2d 377, 386 (2d Cir. 1975). Accordingly, for evidence to be suppressed due to a Rule 41 violation, the Second Circuit requires a defendant show that "(1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had

been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule."  Id. at 386-87; see also United States v. Pangburn, 983 F.2d 449, 455 (2d Cir. 1993); United States v. Rollack, 90 F. Supp. 2d 263, 271 (S.D.N.Y. 1999).

### 2. **Application**

Here, defendant alleges the evidence should be suppressed because the requirements of Rule 41(f) of the Federal Rules of Criminal Procedure have not been met in that no inventory or receipt was "prepared or left at the premises with a copy of the warrant" or "returned to the Judge who issued the warrant."  (Nooter Aff. ¶ 9).  But he fails to show how these deficiencies would have amounted to prejudice as they would not have prevented the search from occurring and there is nothing in the record to suggest the search was unduly "abrasive" because the procedures were not properly followed.  In addition, defendant has not suggested that these violations were the product of intentional and deliberate disregard of the rules rather than inadvertence.  Accordingly, even if Rule 41(d) was violated, suppression is not appropriate.

## CONCLUSION

For the reasons set forth above, defendant's motion to suppress the evidence seized from the search of his automobile is denied.

SO ORDERED.

Dated: New York, New York
February 3, 2006

DENNY CHIN
United States District Judge